Case 4:21-cv-01938   Document 25   Filed on 09/08/21 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE THE COMPLAINT AND § \
PETITION OF CALLAN MARINE, § \
LTD. AS OWNER OF THE DREDGE § \
GENERAL PATTON, ITS ENGINES, § CIVIL ACTION NO. 4:21-cv-01938 \
GEAR, TACKLE, ETC. IN A CAUSE § \
FOR EXONERATION FROM OR § \
LIMITATION OF LIABILITY §

# ORDER

This discovery dispute presents a narrow question: Is a plaintiff permitted to have his lawyer attend a so-called "independent medical examination."[1] The short answer is "no."

## BACKGROUND

Cesar Garza ("Garza") alleges that he was injured on December 23, 2020, while working on a vessel owned and operated by Callan Marine, Ltd. ("Callan Marine"). Garza has brought general maritime negligence and unseaworthiness claims against Callan Marine under the Jones Act.

In connection with this lawsuit, Garza agreed to submit to a medical examination conducted by a doctor selected by Callan Marine. Callan Marine picked David G. Vaderweide, a board-certified orthopedic surgeon. The examination was scheduled for noon on July 23, 2021. Garza timely arrived at Dr. Vaderweide's office that day with his attorney in tow. Dr. Vaderweide's nurse met them in the waiting room. Garza wanted his attorney to accompany him into the examination room, but Dr. Vaderweide's nurse said that was not allowed. The only person she would allow in the examination room with Garza was an interpreter provided to make sure there was no language barrier since Garza does

---

[1] Let's call a spade a spade. It is really not an "independent" medical examination since the defendant usually selects the physician who will perform the examination. *See Eubank v. Dunn*, No. MO:19-CV-153-DC, 2020 WL 7553827, at *2 (W.D. Tex. Oct. 27, 2020) ("In general, courts will appoint the physician of the moving party's choice unless the non-moving party raises a serious objection.").

not speak fluent English. Garza's lawyer informed Dr. Vaderweide's nurse that he believed both he and the interpreter could be present for the examination, but the nurse refused to budge. Garza and his lawyer left Dr. Vaderweide's office without Garza undergoing a medical examination.[2]

Garza has filed a motion for protective order, imploring me to "issue an Order that provides that [Garza] is allowed to have his attorney present along with an interpreter while being examined and questioned by a retained, testifying expert." Dkt. 10 at 2.

## ANALYSIS

Federal Rule of Civil Procedure 35 provides that the Court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination." FED. R. CIV. P. 35(a)(1). Because the parties have agreed to the physical examination, the only issue for me to decide is whether Garza's counsel should be allowed to attend the medical examination. *See id.* (requiring a district court to specify the "manner, conditions, and scope" of the examination).

The text of Rule 35 is silent on who may attend a physical examination. As a result, the issue is left to the sound discretion of the district court. Nonetheless, the overwhelmingly majority of district courts to consider the issue have refused to permit third-party observers, including attorneys, from attending Rule 35 examinations. *See Smolko v. Unimark Lowboy Trans., LLC*, 327 F.R.D. 59, 61 (M.D. Pa. 2018) ("The majority rule adopted by the federal courts is that the

---

[2] The parties have conflicting accounts of exactly what happened in the waiting room. Garza claims that the appointment was cancelled. Callan Marine asserts that Garza and his lawyer voluntarily chose to leave the premises once told that both the lawyer and the interpreter would not be allowed in the examination room. For purposes of the present discovery squabble, it does not matter which version I believe. The ultimate question I must decide is whether Garza's lawyer should be allowed in the examination room during the Rule 35 medical examination.

court may, and often should, exclude third-party observers, including counsel, from medical or psychiatric evaluations."); *Shannon v. Ellis*, No. 4:18-CV-00506 JAR, 2018 WL 4698783, at *2 (E.D. Mo. Oct. 1, 2018) ("[T]he greater weight of authority favors the exclusion of a plaintiff's attorney from the conduct of a Rule 35 examination."); *Dunlap v. Hood*, No. 3-07-CV-2147-B, 2008 WL 4851316, at *1 (N.D. Tex. Nov. 7, 2008) ("A party has no right to the presence of any third person, including his or her attorney, at a physical or mental examination.").

The rationale for refusing to allow lawyers into the examination room has been perfectly summarized in one law review article:

> The presence of an attorney has a high probability of causing adverse effects on the examination, including the injection of an adversarial atmosphere into the examination and the possibility of making the attorney a witness. The consequences of this presence, including delays in the trial and disruptions of the examinations, warrants the exclusion of attorneys.

William Scott Wyatt & Richard A. Bales, *The Presence of Third Parties at Rule 35 Examinations*, 71 TEMP. L. REV. 103, 127 (1998). *See also Jackson v. Harris Cnty.*, No. H-17-3885, 2019 WL 2544058, at *1 (S.D. Tex. June 20, 2019) (refusing to allow plaintiff's counsel to attend a medical examination because a lawyer's attendance constitutes a distraction and introduces an adversarial character into the process); *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 395 (S.D. Tex. 2013) (same).

In addition to these reasons, a number of courts have refused to allow a lawyer to attend his client's medical examination because allowing a third person to be present at a medical examination "would subvert the purpose of Rule 35, which is to put both the plaintiff and defendant on an equal footing with regard[] to evaluating the plaintiff's medical status." *Ornelas*, 292 F.R.D. at 396 (cleaned up). "In other words—where one party has been examined by his or her doctors outside the presence of others . . . —the other party should be given the same

3

equal opportunity." *In re Soc'y of Our Lady of Most Holy Trinity*, 622 S.W.3d 1, 13 (Tex. App.—Corpus Christi 2019, no pet.). Since Garza was examined by his hand-picked medical professional outside the presence of observers, Callan Marine should be afforded the same opportunity to have its expert examine Garza without anyone (other than an interpreter) in attendance.

The only time district courts should allow the presence of an attorney at a medical examination is the rare instance where "special circumstances" exist. *See Stefan v. Trinity Trucking*, LLC, 275 F.R.D. 248, 250 (N.D. Ohio 2011) ("Federal courts have determined that third parties—whether human or electronic—cannot sit in on physical and mental examinations under Federal Civil Rule 35 unless special circumstances require it. . . . [A]bsent a showing of good cause, counsel does not have the right to monitor an independent medical examination."); *Holland v. United States*, 182 F.R.D. 493, 495 (D. S.C. 1998) ("The weight of federal authority . . . favors the exclusion of the plaintiff's attorney from a Rule 35 examination absent a compelling reason."); 8B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2236 (3d ed. 2010) ("[T]he norm in federal court is that counsel will not be allowed to attend [a Rule 35 medical examination] unless good cause is presented to justify that."). A party seeking to have his lawyer present at a medical examination bears a heavy burden to show there are "special circumstances," unique to that party's situation, that distinguish the case from others in which examinations are sought. *See Gade v. State Farm Mut. Auto. Ins. Co.*, No. 5:14-CV-00048-CR, 2015 WL 12964613, at *3 (D. Vt. Jan. 2, 2015) ("[T]he weight of authority places the burden of identifying special circumstances on Plaintiff."); *Perez Ortiz v. Colon Zambrana*, No. 09-2261 PG, 2010 WL 3894648, at *2 (D.P.R. Sept. 23, 2010) ("The party seeking to have the observer present bears the burden of demonstrating good cause for the request, as the presence of a third party is not typically necessary or proper." (cleaned up)).

In this case, Garza argues that his counsel should be permitted to attend the Rule 35 examination "to provide moral support" and ensure that the doctor performing the examination does not engage in "improper conduct." Dkt. 10 at 3. Neither of these reasons constitute "special circumstances" sufficient to justify the presence of counsel at a medical examination.

Let me start with the "moral support" argument. Although I fully recognize that the presence of his lawyer at the examination may provide Garza "moral support, this would be true in all cases involving a [medical] examination of this type. Thus, [Garza's] request does not distinguish this case from others or constitute a special circumstance." *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 557 (D. Conn. 2006). *See also Hirschheimer v. Associated Metals & Minerals Corp.*, No. 94 CIV. 6155(JKF), 1995 WL 736901, at *3 (S.D.N.Y. Dec. 12, 1995) (rejecting the "moral support" argument for the same reasons).

Garza's claim that he needs his lawyer to attend the medical examination to ensure that nothing improper occurs fares no better. This argument has been repeatedly rejected because "there are numerous pre-trial and trial procedures that will protect the examinee from any impermissible harm." Wyatt & Bales, *The Presence of Third Parties at Rule 35 Examinations*, 71 TEMP. L. REV. at 127. For example, Garza will "receive a Rule 35 examination report and then have the opportunity to depose the physician, cross-examine him . . . , and introduce contrary expert evidence. Additionally, should the physicians improperly inquire, plaintiffs have the opportunity to seek to exclude such questioning from trial." *Tarte v. United States*, 249 F.R.D. 856, 859 (S.D. Fla. 2008) (citation omitted). *See also Copenhaver v. Cavagna Grp. S.p.a Omeca Div.*, No. CV 19-71-BLG-SPW-TJC, 2021 WL 3171787, at *7 (D. Mont. July 27, 2021) ("Rule 35 and the adversarial process provide safeguards to plaintiffs, such as a Rule 35 examination report, opportunity to depose the physician/expert, cross-

5

examination, introduction of contrary expert evidence, and the opportunity to exclude questioning at trial."); *Mayorga Martinez v. United States*, No. CV 17-8810 FMO (SS), 2019 WL 4277803, at *6 (C.D. Cal. Apr. 10, 2019) ("There is nothing before the Court to suggest that the standard safeguards available to a plaintiff in a Rule 35 examination—the physician's report, deposition and cross-examination of the physician, contrary expert evidence, and motions to exclude evidence improperly obtained during the examination—will not be sufficient to address Plaintiffs' concerns.").

In short, a lawyer does not have an inherent right to attend the medical examination of his client. Garza has not met his burden to demonstrate that there are special circumstances in this case that warrant his lawyer accompanying him into the examination room for a Rule 35 physical examination.

## CONCLUSION

For all the reasons identified above, I order that Garza be examined under Rule 35(a)(1), without the presence of attorneys, at a time and place to be agreed upon by the parties.

SIGNED this 8th day of September 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE